UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK A. CHAMBERS,

               Petitioner,

-vs-                                            Case No. 8:08-cv-176-T-17EAJ

SECRETARY, DEPT. OF CORRECTIONS,

               Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on pro se Petitioner Patrick A. Chambers' 28 U.S.C. § 2254 petition for writ of habeas corpus in which he raises five grounds for relief. In his reply, Chambers alleges that he raised six grounds, with the sixth ground on page 11(b). However, there is no page 11(b) in the present petition. The Court finds no record of a ground six and therefore, cannot address the claims raised in a "ground six." A review of the record demonstrates that, for the following reasons, the petition must be denied.

Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Patrick A. Chambers (Chambers), a Florida prisoner. The petition attacks Chambers' convictions for Aggravated Assault With A Firearm and Tampering With Physical Evidence

arising out of charges filed in the Tenth Judicial Circuit in Polk County, Florida, in state circuit case number CF02-01987A-XX..[1]

## PROCEDURAL HISTORY

On May 9, 2002, the State Attorney filed an Information charging Chambers with attempted murder in the second degree against victim Marcia Radway (Count One), aggravated assault with a firearm against victim Richard "Rocky" Blair (Count Two), and burglary of a dwelling while armed with a firearm (Count Three). (Exh 21: Vol. 1: R 21-22).[2] On December 18, 2002, the State filed an Amended Information charging Chambers with tampering with physical evidence. (Exh 21: Vol. 1: R 25-26).

In March, 2003, the case proceeded to jury trial before the Honorable Michael Raiden, Circuit Judge. Chambers was represented by Assistant Public Defender Willie Twyford. As to Count One, the jury found Chambers guilty of aggravated assault, a lesser-included offense; on the special verdict form, the jury also found that Chambers was in actual possession of and discharged a firearm. The jury likewise found the discharge of the firearm caused great bodily harm to the victim. (Exh 21: vol. 1: R 66-69; Vol. 4: T 583- 584). Chambers was found not guilty of Count Two (aggravated assault as to Richard Blair), and not guilty of Count Three (burglary of a dwelling). However, the jury found Chambers guilty of Count Four (tampering with physical evidence). (Exh 21: Vol. 1: R 69; Vol. 4: T 583-585).

On March 20, 2003, Circuit Judge Judith Flanders sentenced Chambers to a minimum mandatory 25-year sentence of imprisonment on the aggravated assault conviction, and a

---

[1] Chambers is presently challenging a separate state court judgment in this Court in Case No. 8:06-cv-2013-T-17MAP (Polk County Circuit Court Case No. CF02-05125A-XX).

[2] The four-volume record in Chambers' direct appeal is attached as Respondent's Exhibit 21.

sentence of 21.45 months imprisonment on the tampering conviction, with the counts to run consecutive. (Exh 21: Vol. 1: R 84, 90-97).

## Direct Appeal

Chambers pursued a direct appeal. Tonya R. Vickers, the Assistant Public Defender assigned to represent Chambers on appeal, filed an initial brief (Exhibit 1) raising two issues:

Issue I

DEFENDANT'S CONVICTION OF AGGRAVATED ASSAULT, A PERMISSIVE LESSER-INCLUDED OFFENSE MUST BE REVERSED FOR FAILURE OF THE CHARGING DOCUMENT TO ALLEGE THE ESSENTIAL ELEMENTS OF AGGRAVATED ASSAULT.

Issue II

THE TRIAL COURT ERRED IN IMPOSING AN ENHANCED SENTENCE WHERE THE STATE PRESENTED NO EVIDENCE OF GREAT BODILY HARM.

The State filed its answer brief. (Exhibit 2). On April 28, 2004, in Case No. 2D03-1716, the Second District Court of Appeal, en banc, filed a written opinion affirming Chambers' convictions. (Exhibit 3). *Chambers v. State*, 880 So. 2d 696 (Fla. 2d DCA 2004). The mandate was issued on May 26, 2004. (Exhibit 4). Chambers sought discretionary review in the Florida Supreme Court, in Case No. SC04-837. (Exhibit 5). Chambers and the State filed jurisdictional briefs. (Composite Exhibit 6). On May 23, 2005, the state supreme court filed an order denying the petition for discretionary review, stating the court declined to accept jurisdiction. (Exhibit 7). *Chambers v. State*, 905 So. 2d 125 (Fla. 2005)[table].

## State Petition Alleging Ineffective Assistance of Appellate Counsel

On August 22, 2005, Chambers filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. (Exhibit 8). The State filed a response. (Exhibit 9).

On September 2, 2005, in case No. 2D05-4116, the district court of appeal issued an order directing the State to file an amended response addressing the issue of "whether appellate counsel rendered ineffective assistance in failing to argue that it was fundamental error to instruct the jury on the uncharged offense of aggravated assault while discharging a firearm resulting in great bodily injury because the penalty for this offense was not less than the penalty for the charged offense." (Exhibit 10). On July 18, 2006, the State filed an amended response. (Exhibit 11). On April 13, 2007, in Case No. 2D05-4116, the Second District Court of Appeal filed a written opinion denying the petition alleging ineffective assistance of appellate counsel. (Exhibit 12). *Chambers v. State*, 975 So. 2d 444 (Fla. 2d DCA 2007).

Chambers sought discretionary review in the Florida Supreme Court. (Exhibit 13). Jurisdictional briefs were filed by both parties. (Exhibits 14 & 15). On September 18, 2007, in Case No. SC07-1371, the court filed an order declining to accept jurisdiction. (Exhibit 16). *Chambers v. State*, 967 So. 2d 196 (Fla. 2007)[table].

**Rule 3.850 Motion for Postconviction Relief**

On May 10, 2007, Chambers filed a pro se Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. (Exhibit 17). Chambers presented six grounds for relief, alleging trial counsel was ineffective for failing to: (1) object to the jury instruction on aggravated assault with a firearm because the essential elements for the crime were not included in the information; (2) object to the impermissive lesser-included offense of aggravated assault with a firearm constituted fundamental error; (3) file a motion in arrest of judgment pursuant to Rule 3.610, Fla. R. Crim. P., "after defendant was convicted of an offense for which he could not be convicted under the original charging document"; (4) object to the "State's findings of great bodily harm" because there was insufficient evidence to support such a finding;

and (5) have count 4, tampering with physical evidence, severed from the trial on counts 1, 2, and 3. On June 18, 2007, the trial court issued an order summarily denying all six claims. (Exhibit 18). Chambers appealed the adverse ruling. On December 21, 2007, in Case No. 2D07-3156, the appellate court filed a per curiam unwritten opinion affirming the lower court's denial of postconviction relief. (Exhibit 19). *Chambers v. State*, 970 So. 2d 829 (Fla. 2d DCA 2007)[table]. The mandate was issued on January 11, 2008. (Exhibit 20).

## THE PRESENT PETITION

Chambers signed the timely-filed § 2254 petition on January 22, 2008, raising five grounds for relief:

## STANDARDS OF REVIEW

### The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## DISCUSSION

### GROUND ONE

Chambers contends he was convicted of a permissive lesser included offense that was not a subset of the primary offense, thereby denying him the right to be informed of the nature of the accusations against him, the ability to prepare his defense, and protection from being prosecuted for the same offense.

Ground One does not warrant federal habeas corpus relief for three reasons. First, the claim is procedurally barred in this Court because Chambers did not object at trial to the instructions as given, and the claim was barred in state court. In Florida, in order to preserve an issue for appellate review, specific legal argument or grounds upon which it is based must be presented to the trial court. *Occhicone v. State*, 570 So. 2d 902 (Fla. 1990), *cert. denied*, 111 S. Ct. 2067, 114 L. Ed.2d 471 (1991). In Chambers' case, no federal due process [or state-law based] claim was timely raised concerning the lesser included offense jury instruction at trial. That the state court on appeal addressed Florida's fundamental error doctrine does not alter the conclusion the decision rests on independent and adequate state grounds. It is a maxim well rooted in our federalist system that federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that

is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991). This rule applies whether the state law ground is substantive or procedural. *See Eagle v. Linahan*, 279 F.3d 926, 936 (11th Cir. 2001)(citing *Coleman*, 501 U.S. at 729. Accordingly, Ground One is procedurally barred.

Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). Chambers has not demonstrated cause and prejudice or a miscarriage of justice to obtain federal review of the defaulted claim.

Moreover, the error did not rise to the level of fundamental error under Florida law. The Florida Supreme Court has said that fundamental error is "the type of error which 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *McDonald v. State*, 743 So. 2d 501, 505 (Fla. 1999)(quoting *Kilgore v. State*, 688 So. 2d 895, 898 (Fla. 1996)).

In this case, the giving of the jury instruction on aggravated assault, although error, was held not to be fundamental in nature by the district court of appeal based on the Florida Supreme Court's case of *Ray v. State*, 403 So. 2d 956 (Fla. 1981). *See Chambers v. State,* 880 So. 2d 696 (Fla. 2d DCA 2004). The Second District revisited the issue in *Chambers v. State*, 975 So. 2d 444 (Fla. 2d DCA 2007), when the court denied Chambers' petition alleging ineffective assistance of appellate counsel. There, the court again held that no fundamental

error resulted from instructing the jury on the lesser included offense of aggravated assault, stating:

> Ray recognized, however, that a fundamental error analysis should not apply where the error was invited (thus the exception if the instruction was sought or relied upon), or where the failure to object may have been the result of a strategic decision intended to reap some ultimate benefit for the defendant (thus the exception for an improper instruction that was "lesser in degree and penalty"). 403 So. 2d at 961.

*Chambers*, 975 So. 2d at 450. (emphasis added). The court pointed out that in this case, the inclusion of the aggravated assault lesser offense on the verdict form provided Chambers a "realistic" possibility of eventually receiving a lesser sentence:

> What is more important, the options on the verdict form provided Mr. Chambers with a realistic possibility that the jury could select an option that would require the court to impose a lesser punishment than the punishment required for the primary offense of second-degree murder. As explained earlier, there was no dispute that a gun was involved in this incident but some dispute over whether Mr. Chambers intentionally fired the gun or whether it discharged accidentally during a struggle. Viewing the instructions and verdict form from trial counsel's perspective, if the jury were inclined to find Mr. Chambers guilty of second-degree murder, the 10-20-life enhancements would almost certainly apply. However, if the jury were inclined to find Mr. Chambers guilty of only aggravated assault, there would be a possibility that the jury could also conclude Mr. Chambers was not responsible for the gun's discharge or the resulting injury. If so, the trial judge would be required to impose a sentence less severe for aggravated assault than the penalty for second-degree murder with a firearm.
>
> We do not address these tactical issues to evaluate the effectiveness of the trial lawyer. Instead, we point out these considerations because they play a role in deciding whether the giving of the instruction on aggravated assault without objection should be treated as a fundamental error. The fact that Mr. Chambers had a significant chance to benefit from the instruction and little chance to be harmed by it causes this court to conclude that the instruction was not fundamental error. This reasoning also recognizes that the analysis of fundamental error for such improper lesser offenses should not focus on the maximum possible punishment for each offense, but on the availability of punishments less severe than those available for the charged offense.

*Chambers*, 975 So. 2d at 452-453.

Second, Ground One does not present a claim of federal constitutional dimension. Subject matter jurisdiction does not lie to address this claim, which presents a state law issue only. Whether an Information charging attempted second degree murder allows a jury instruction on the lesser included offense of aggravated assault is a matter solely within the province of the Florida courts.

A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). A state's interpretation of its own rules or statutes does not raise a federal constitutional issue. *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983), *reh'g denied,* 465 U.S. 78 (1984). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *See Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

Furthermore, independent and adequate state substantive grounds support denial of this claim. It is a maxim well rooted in our federalist system that federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991). This rule applies whether the state law ground is substantive or procedural. *Id.*

Finally, to the extent Chambers is presenting a federal due process argument in the present petition, such claim is unexhausted and procedurally barred. Before seeking federal habeas relief, a state prisoner to satisfy the exhaustion requirement, 28 U.S.C. § 2254(b)(1),

must "fairly present" his claim in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1350, 158 L. Ed. 2d 64 (2004). A habeas petitioner must "present the state courts with 16 of 26 the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365, 130 L. Ed. 2d 865, 115 S. Ct. 887 (1995).[3] Under the exhaustion doctrine, Chambers' failure to raise a federal constitutional argument at trial or on appeal precludes review by this Court and Ground One does not warrant habeas relief.

GROUND TWO

Chambers raises a claim of ineffective assistance of appellate counsel for failing to argue that Chambers' conviction of an erroneous lesser included offense amounted to fundamental error. This claim must be denied. The *Strickland* standard applies whether the courts are considering the performance of counsel at the trial or appellate level. *Eagle v. Linahan*, 279 F.3d 926, 938 (11th Cir. 2001)(citing *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987)). The federal courts have regularly held that appellate counsel is often well advised to choose the most promising arguments and is not obliged to crowd a brief with less promising ones which may detract. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Moreover, appellate counsel cannot be deemed to have rendered ineffective

---

[3] The *Baldwin* Court guided that a petitioner wishing to raise a federal issue in state court can do so "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32, 124 S. Ct. at 1351.

assistance by failing to brief an issue that was not preserved for appeal or is without merit. *Chandler v. Dugger*, 634 So.2d 1066, 1068 (Fla. 1994)(cited in *Chandler v. Moore*, 240 F.3d 907, 916 (11th Cir. 2001); *Suarez v. Dugger*, 527 So.2d 190 (Fla. 1988).

In this case, in both the direct appeal and the proceeding on the petition alleging ineffective assistance of appellate counsel, the state court determined as a matter of state law, that the giving of the jury instruction on the lesser included offense of aggravated assault did not constitute fundamental error. *See Chambers v. State*, 880 So. 2d 696 (Fla. 2d DCA 2004); *Chambers v. State*, 975 So. 2d 444 (Fla. 2d DCA 2007). Accordingly, Chambers fails to demonstrate prejudice, and his argument fails under the *Strickland* two-prong test. Ground Two does not warrant habeas corpus relief.

## GROUND THREE

Chambers argues the trial court lacked subject matter jurisdiction to convict and sentence him for an offense for which he was not charged. This claim must be denied for failure to raise a federal constitutional issue. "A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983).

Moreover, even if Ground Three were properly before this Court, the claim is without merit for the reasons set forth in the state court's order denying the motion for postconviction relief:

> In support of his claim 3, that the trial court lacked subject matter jurisdiction to convict him of the improperly instructed charge of aggravated assault with a firearm, Defendant cites to *L.L.H. v. State*, 873 So. 2d 1252, 1254 (Fla. 5th DCA 2004), wherein the Fifth District Court of Appeal stated: "In a criminal context, subject matter jurisdiction is determined by the charge made in an indictment or information. *State v. Vazquez*, 450 So. 2d 203 (Fla. 1984); *Pope v. State*, 268 So. 2d 173 (Fla. 2d DCA 1972). Thus a criminal prosecution

-11-

presupposes the existence of a valid charging document and such an accusatory pleading in some form is an essential requisite of jurisdiction which cannot be waived."

However, it is undisputable that a "valid charging document and such accusatory pleading in some form" existed in this case. See Amended Information, a copy of which is attached to Defendant's Motion. Defendant simply asserts that, because count 1 of the charging document did not sufficiently allege the crime that he was eventually convicted of: i.e., aggravated assault with a firearm, the trial court lacked subject matter jurisdiction to convict him of such a charge. Such an argument is contrary to the plain language of *L.L.H., supra*. Based on the foregoing, claim 3 is DENIED.

See Order Denying Defendant's Motion for Postconviction Relief, page 4.

Ground Four does not warrant habeas corpus relief.

## GROUND FOUR

Chambers contends his trial counsel was ineffective for failing to file a motion in arrest of judgment. Chambers raised this claim in his Rule 3.850 motion in state court. Because claims 1, 2 and 4 of the motion for postconviction relief[4] were are all premised upon ineffective assistance of counsel as it relates to the alleged improper jury instruction of aggravated assault with a firearm in Count One of the Information, the court addressed all three claims together in the order denying relief. After setting out the appropriate standard for assessing ineffective assistance of counsel claims in *Strickland v. Washington*, the court made the following findings of fact and conclusions of law in its order denying relief:

On May 26, 2004, the Second District Court of Appeal issued a Mandate of its earlier en banc affirmation of Defendant's judgment and conviction. *See*

---

[4] Grounds one, two, and four of the Rule 3.850 motion alleged trial counsel was ineffective for failing to: (1) object to the jury instruction on aggravated assault with a firearm because the essential elements for the crime were not included in the information; (2) object to the impermissive lesser-included offense of aggravated assault with a firearm which constituted fundamental error; and (4) file a motion in arrest of judgment pursuant to Rule 3.610, Fla. R. Crim. P., "after defendant was convicted of an offense for which he could not be convicted under the original charging document".

*Chambers v. State*, 880 So. 2d 696 (Fla. 2nd DCA 2004), *reaffirmed* 2007 Fla. App. LEXIS 5478 (Fla. 2d DCA April 13, 2007).

The Second District Court of Appeal's 2004 opinion provides: "[A]ggravated assault is not a category one necessarily included lesser offense of attempted second-degree murder and the information did not contain allegations making this offense a proper category two permissive lesser-included offense." As such, "[t]he State was not entitled to have the jury instructed on this lesser offense." Based on the preceding language of the Second District Court of Appeal, the Court finds Defendant has sufficiently alleged the first prong of the Strickland standard as it relates to claims 1, 2 and 4.

However, in further concluding that the jury instruction on the lesser-included offense of aggravated assault with a firearm did not constitute fundamental error and, therefore, the judgment and conviction must be affirmed, the District Court also stated: It is often prudent for a defendant in a jury trial to give the jury as many options as possible to choose a lesser-included offense. Thus, offenses that technically are not category two lesser-included offenses may be presented to the jury without objection because the defendant can benefit from these lesser-included offenses. To allow a defendant to affirmatively rely on an improper lesser-included instruction and then request reversal on appeal allows that defendant to reduce the criminal justice system to a game that Judge Sharp has described as 'heads I win, tails you lose.' *Weber v. State*, 602 So. 2d 1316, 1319 (Fla. 5th DCA 1992).

In this case, for example, it seems highly unlikely that a jury would have selected the next lesser offense, felony battery, if aggravated assault had been omitted. Given the undisputed evidence that the victim sustained a bullet wound to her thigh, without this option it seems far more likely that the jury would have selected aggravated battery as the appropriate conviction. Thus, we hesitate to find fundamental error in these situations because it is likely that the defendant has not been harmed by the unpreserved error. *See generally Reed v. State*, 837 So. 2d 366, 369-70 (Fla. 2002) (fundamental error must be harmful). *Id.* at 701-02. [footnote 2]

> [fn 2] *See also Chambers v. State*, 2007 Fla. App. LEXIS 5478, 7-9 (Fla. 2d DCA 2007): "If one considers the evidence and the verdict form, trial counsel would appear to have had a reasonable basis to make [the] tactical decision [of instructing the jury on aggravated assault]. Attempted second-degree murder, attempted manslaughter, and aggravated battery each suggested a physical injury that was intentionally inflicted, thus directly implicating the type of findings that would support a full enhancement under the 10-20-life statute. With respect to aggravated assault, however, the jury could have concluded that Mr. Chambers' intent was to

> threaten, and not to physically injure, the victim. Because the victim
> claimed that she struggled with Mr. Chambers, it was possible that
> the jury could have decided that the gun went off accidentally
> during the struggle. In that event, the jury could have found that Mr.
> Chambers possessed the gun during the assault but that he was
> not responsible for its discharge and the resulting injury. Thus, the
> improper permissive lesser offense of aggravated assault, from a
> tactical perspective, might have been the best option to provide Mr.
> Chambers with a sentence that was less than what he would
> receive for the charged offense or the next two offenses listed.
> Further, although the charged offense or the next two offenses
> listed may have permitted a similar sentencing range, with or
> without the enhancements from 10-20-life, a reasonable lawyer
> might believe that a judge would be more likely to impose a
> Sentence closer to the bottom of the potential range if the jury
> selected the lowest possible offense. It is noteworthy that the trial
> judge in this case impose [sic] a twenty-five-year term of
> imprisonment and did not elect to sentence Mr. Chambers to life in
> prison-a decision trial judge may not have made if Mr. Chambers
> had been convicted of attempted second-degree murder"
>
> Accordingly, the Court finds Defendant's claims 1, 2 and 4 have failed to sufficiently allege that he was prejudiced by such error; i.e., the Court's confidence in the outcome is not undermined. *Spencer, supra*. Based on the foregoing, the Court finds Defendant's claims 1, 2 and 4 have failed to establish the second prong of the *Strickland* analysis and, therefore, claims 1, 2 and 4 are DENIED.

*See* Order Denying Defendant's Motion for Postconviction Relief, pages 3-4.

Because Chambers' collateral attack on counsel's performance is based on his state law arguments which were rejected by the Florida courts, Chambers cannot establish deficiency in counsel's performance. Moreover, under the circumstances, it is objectively reasonable based on the state record to conclude that counsel's decision to approve the proposed instruction on the lesser offense, in light of the potential benefit to Chambers in sentencing options, was made in the exercise of professional judgment. *See Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Moreover, the state court's conclusion that Chambers failed to establish the

-14-

prejudice prong of *Strickland* was objectively reasonable. Thus, the decision is entitled to deference under 28 U.S.C. § 2254(d).

Ground Five does not warrant habeas corpus relief.

## GROUND FIVE

Finally, Chambers faults trial counsel for failing to file a motion for severance. Specifically, he contends counsel should have moved to sever Count 4, tampering with physical evidence, from Counts 1, 2, and 3. The postconviction court determined there was no legal basis for such a motion, and therefore trial counsel could not be deemed ineffective for failing to do so. The court's order states:

> First, the evidence introduced to support a charge of tampering with evidence could not have conceivably caused the introduction of "prior felony convictions" as alleged by Defendant. See Motion at 29. Second, based on the facts of the case as found by the Second District Court of Appeal, the charge of tampering with physical evidence in the form of attempting to discard the gun used in this case was clearly not "unconnected" to the other charges. See Motion at 29. *See also Lugo v. State,* 845 So. 2d 74, 92-93 (Fla. 2003)("Florida Rule of Criminal Procedure 3.150 requires that the criminal charges joined for trial 'be considered in an episodic sense.' *Garcia v. State*, 568 So. 2d 896, 899 (Fla. 1990). Moreover, there must be a 'meaningful relationship' between or among the charges before they can be tried together. *Ellis v. State*, 622 So. 2d 991, 999 (Fla. 1993). That is to say, 'the crimes in question must be linked in some significant way.' *Id.* at 1000". It is axiomatic that the charge of attempting to discard the firearm that was used in the armed burglary, aggravated assault, and attempted second- degree murder had a "meaningful relationship" between or among each other.
>
> Based on the foregoing, counsel would have had no legal basis upon which to seek the severance of count 4 from counts 1, 2, and 3 and, therefore, could not have been ineffective for failing to raise a baseless argument or motion. *Teffeteller v. Dugger*, 734 So. 2d 1009 (Fla. 1999). Accordingly, claim 6 is DENIED.

*See* Order Denying Defendant's Motion for Postconviction Relief, page 5.

Ground Five does not warrant habeas corpus relief.

## GROUND SIX

Chambers does not raise ground six in his petition. In his reply he alleges that counsel was ineffective for failing to object to insufficient jury instructions. This Court does not have sufficient facts to address this claim. The Court has diligently searched for page 11b on which Chambers contends he raises the claim. However, neither the original nor any of Chambers' copies contained a page 11b and he did not set out any facts related to his claim in his reply.

Accordingly, the Court orders:

That Chambers' petition is denied. The Clerk is directed to enter judgment against Chambers and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 30, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Patrick A. Chambers